PROB 12C
(04/08)

September 14, 2012

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
2012 SEP 21 AM 10: 41
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ___ban___ DEPUTY

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** David Michael Mccammon (English)         **Dkt. No.:** 10CR04553-001-BTM

**Reg. No.:** 22750-298

**Name of Sentencing Judicial Officer:** The Honorable Barry Ted Moskowitz, Chief U.S. District Judge

**Original Offense:** 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II), Transportation of Illegal Aliens and Aiding and Abetting, a Class C felony.

**Date of Sentence:** March 4, 2011

**Sentence:** 18 months custody; 3 years supervised release. (*Special Conditions: Refer to Judgment and Commitment Order.*)

**Modification(s):** May 29, 2012: Placement in a Residential Reentry Center (RRC) for up to 180 days. June 7, 2012: The offender is to be released from the RRC forthwith, as directed by the probation officer. August 18, 2012: Reside in a RRC for up to 120 day. Condition terminates with entry into a residential drug treatment program.

**Type of Supervision:** Supervised Release            **Date Supervision Commenced:** March 12, 2012

**Asst. U.S. Atty.:** Joseph Orabona            **Defense Counsel:** Amy Kimpel (Fed. Defs. Inc.)
                                                                                        (Appointed)
                                                                                        (619) 234-8467

**Prior Violation History:** Yes. See prior court correspondence.

---

## PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

PROB 12C

Name of Offender: David Michael Mccammon  September 14, 2012
Docket No.: 10CR04553-001-BTM  Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|---|
| **(Mandatory Condition)**<br>The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. *(nv3a)* | 1. | Mr. McCammon failed to submit a urine sample at the U.S. Probation Office on June 25 and August 20, 2012, as directed. |
| | 2. | Mr. McCammon failed to comply with drug testing, in that he submitted tampered sweat patches applied on June 28 and July 3, 2012. |
| | 3. | On July 21 and August 6, 2012, Mr. McCammon used marijuana, as evidenced by his admission to the probation officer on July 25, and August 7, 2012, respectively. |
| | 4. | On July 21, 2012, Mr. McCammon used amphetamine and/or methamphetamine, as evidenced by his admission to the probation officer on July 25, 2012. |
| | 5. | On August 7, 2012, laboratory results of a PharmChek sweat patch applied to Mr. McCammon on July 25, 2012, confirmed positive for cocaine metabolite. |

***Grounds for Revocation:*** As to allegation 1, I have received and reviewed the U.S. Probation UA Trouble Log which confirms that on June 25, 2012, Mr. McCammon failed to submit a urine sample as directed in the prerecorded instructions. Thereafter, on August 17, 2012, I instructed him to report to the U.S. Probation Office for drug testing on August 20, 2012, but he failed to do so as directed.

As to allegation 2, on June 28, 2012, I made contact with Mr. McCammon at his place of residence, at which time he reported that the sweat patch had "just come off" while he was sleeping. The patch had been applied two days prior and appeared to have been compromised. On July 3, 2012, Mr. McCammon reported to the probation office for removal of the sweat patch and the sweat patch appeared to have been compromised again.

As to allegation 3, Mr. McCammon reported to me on July 25 and August 7, 2012, at which time he admitted to having used marijuana on July 21 and August 6, 2012, respectively.

As to allegation 4, Mr. McCammon reported to me on July 25, 2012, at which time he admitted to having used amphetamine and/or methamphetamine on July 21, 2012.

As to allegation 5, I have received and reviewed the Clinical Reference Laboratory (CLR) test results, which confirm the PharmChek sweat patch Mr. McCammon had applied on the above date confirmed positive for cocaine.

| (Special Condition) | | |
|---|---|---|
| Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay. *(nv22)* | 6. | Mr. McCammon failed to attend counseling at Sharper Future on August 8, 2012, as directed. |

**_Grounds for Revocation:_** As to allegation 6, I have received and reviewed the Sharper Future Noncompliance report that confirms that, on the above date, Mr. McCammon failed to attend counseling, as directed. Mr. McCammon began participating in mental health counseling at Sharper Future on July 25, 2012.

| (Standard Condition) | | |
|---|---|---|
| Answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. *(nv8)* | 7. | On July 24 and August 22, 2012, Mr. McCammon failed to report to the U.S. Probation Office as directed. |

**_Grounds for Revocation:_** As to allegation 7, on July 23, 2012, I instructed Mr. McCammon to report to the U.S. Probation Office on July 24, 2012, at 9 a.m. However, the offender failed to report as directed on said date and subsequently indicated he had "slept in" and had not been able to report to the office. On August 21, 2012, Mr. McCammon was again instructed to report to the U.S. Probation Office on August 22, 2012, but failed to do so. He informed me that his bus pass had expired and that he no longer had transportation funds. On August 23, 2012, Mr. McCammon was instructed to report to me telephonically on a daily basis for RRC availability, however, he failed to contact me on August 24, 2012.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

As previously reported to the Court, during the early stages of supervision, Mr. McCammon was in compliance with his terms of supervision and had been demonstrating a commitment to addressing all his needs. However, sometime towards the latter part of June 2012, he began to struggle with drug testing and abstaining from illicit drug use, as alleged in this petition. On July 31, 2012, Mr. McCammon agreed to participate in more intensive mental health services at Sharper Future and enter the RRC pending entrance in a residential drug treatment program. In the interim, Mr. McCammon was referred to a drug detoxification center at Volunteer's of America (VOA) in an effort expedite his entrance into residential drug treatment. On August 22, 2012, the offender's RRC placement became available, however, I was unsuccessful in contacting Mr. McCammon. It is also noted that he has stopped reporting to me telephonically as directed. The offender's current whereabouts is unknown, as such, court intervention (a bench warrant) is requested for the purpose of addressing the alleged noncompliance.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. McCammon receives supplemental security income (SSI) from the Social Security Administration office for his disability.

Prior to making himself unavailable for supervision, Mr. McCammon was homeless. He had recently been unsuccessfully terminated from a sober living home for breaching program rules. On the day of his termination (August 3, 2012), the offender reported to me that he had invited a female friend to his bedroom and as a result, had been terminated from the program. However, in discussing said incident with the owner of the sober living home, I learned that staff members found two unknown individuals (male and female) in Mr. McCammons's bed while he was away from the program. The individuals were asked to leave the sober living home and the staff members subsequently search the offender's bedroom, at which time they found several marijuana cigarette butts. The sober living home owner suspects the offender may have rented out his room to the two individuals and had also been smoking marijuana inside his bedroom.

Mr. McCammon's mental health history is well-documented. On April 12, 2012, he was assessed for mental health services at Project Enable and was diagnosed with bipolar disorder and post-traumatic stress disorder. On August 8, 2012, the offender was referred to Sharper Future for more intensive mental health services and was subsequently assessed once more on August 1, 2012, at which time he was diagnosed having bipolar disorder; psychoactive substance abuse, alcohol abuse; and adult antisocial behavior. The therapist reported that Mr. McCammon's primarily struggled with substance abuse, anger, and mental health issues. They recommended he participate in individual counseling, group treatment, alcohol and drug testing to ensure long-term sobriety.

Case 3:10-cr-04553-BTM   Document 84   Filed 09/21/12   Page 5 of 8

PROB 12C

| | |
|---|---|
| Name of Offender: David Michael Mccammon | September 14, 2012 |
| Docket No.: 10CR04553-001-BTM | Page 5 |

It is also noted that although he was taking psychotropic medication, the therapist recommended another evaluation. At the time of Mr. McCamon's abscondment from supervision, treatment services had been coordinated and initiated.

During this supervision term, on or about June 26, 2012, Mr. McCammon entered a job-readiness program (STRIVE Second Chance) for the purpose securing employment; however, after learning that he would have to change his appearance by getting a hair cut and removing all his body-piercings, he decided the program was not a good fit for him.

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 year(s). 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (illicit drug use, failure to report for drug testing, failure to wear sweat patch as directed) constitute Grade C violations. USSG § 7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG § 7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category IV (determined at the time of sentencing) establishes an **imprisonment range of 6 to 12 months.** USSG § 7B1.4, p.s.

It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG § 7B1.3(c)(1), p.s.

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

PROB 12C

Name of Offender: David Michael Mccammon                                      September 14, 2012
Docket No.: 10CR04553-001-BTM                                                              Page 6

---

In this case, the court has the authority to reimpose a term of <u>3 year(s)</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

### JUSTIFICATION FOR BENCH WARRANT

A no-bail bench warrant is requested due to Mr. McCammon's current illicit drug use and prior criminal history that includes crimes such as assault, robbery, and carrying a concealed weapon. The offender's history of driving while intoxicated and reckless driving also raises great concern for his safety and the community.

### RECOMMENDATION/JUSTIFICATION

Mr. McCammon has breached the trust of the Court and must be held accountable for his conduct. Based on all available information, I recommend that the offender's supervised release be revoked, and that he be sentenced to 6 months custody with 30 months of supervised release to follow, under the same terms and conditions as previously imposed, to include entry into a residential drug treatment program. It is hoped that upon his release from custody, Mr. McCammon will have a new-found awareness concerning his supervise release responsibilities. It is also hoped that upon his release from custody, he lends himself to participate in community-based programs in order to address his mental health and substance abuse issues.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: September 14, 2012**

Respectfully submitted:
DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

by _____
Carlos Hernandez
Senior U.S. Probation Officer
(619) 446-3541

Reviewed and Approved:

_____
Janet M. Bergland
Supervising U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant:** Mccammon, David Michael

2. **Docket No.** (Year-Sequence-Defendant No.): 10CR04553-001-BTM

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | illicit drug use | C |
   | failure to report for drug testing | C |
   | failure to comply with drug testing | C |
   | failure to participate in mental health treatment | C |
   | failure to report to the probation officer | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))          [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                [ IV ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                    [ 6 - 12 months ]

7. **Unsatisfied Conditions of Original Sentence:** None.

**THE COURT ORDERS:**

____√____ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. *and* (see below)

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

____√____ Other *Several of the violations were covered by the 8-18-12 Modification. The court proceeds only on Allegations 1 (for 8-20-12), 7 (for 8-22-12)*

_____          9/19/2012
The Honorable Barry Ted Moskowitz            Date
Chief U.S. District Judge

ch/ch